Argued and submitted February 13, remanded with instructions; otherwise affirmed on appeal and on cross-appeal July 8, 1992

In the Matter of the Marriage of

Opal Faith TROUTMAN,
*Respondent - Cross-Appellant,*
*and*

Nathaniel Lacy TROUTMAN,
*Appellant - Cross-Respondent.*

(89 DM 1034; CA A67774)

834 P2d 498

Jack L. Kennedy, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Susan E. Watts and Kennedy, King & Zimmer, Portland.

Jody L. Stahancyk, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Stahancyk & Associates, Portland.

Before Warren, Presiding Judge, and Riggs and De Muniz, Judges.

RIGGS, J.

## RIGGS, J.

Husband appeals and wife cross-appeals from a judgment of dissolution. Husband claims that the trial court erred in awarding wife a money judgment for one-half the value of his stock in a closely-held family corporation, in imposing conditions to secure the judgment and in awarding spousal support. Wife claims that the trial court erred in valuing husband's stock, in reducing her judgment by one-half of husband's taxes on future sale of the stock if the sale is required to pay the judgment, in failing to award her attorney fees and in awarding spousal support. On *de novo* review, we modify the judgment regarding the conditions that the trial court imposed to secure wife's judgment and regarding spousal support; we otherwise affirm the judgment on appeal and cross-appeal.

Husband owns a 9.3 percent interest (35,472 shares) in Troutman Investment Company, Inc. (TIC), a closely held family corporation, which owns and operates the Emporium department stores. The trial court found, and we agree, that husband's stock is worth $39.42 per share, or $1,398,306 in the aggregate. In an effort to disentangle the parties, the trial court properly awarded wife a money judgment for one-half the value of husband's stock, $699,153, rather than one-half the stock. According to the judgment,[1] husband must pay wife $149,153 within 120-days after entry of the judgment, without interest. The balance carries 9 percent interest *per annum* from the date of the judgment, payable annually on its anniversary. The principal is due in two lump sum payments of $275,000 within 120-days after the 5th and 10th anniversaries of the judgment.[2] To secure her judgment, wife was awarded a lien against husband's stock. In the event that husband misses *any* principal or interest payment, wife is entitled to the immediate receipt of all TIC stock owned by husband.[3] In that event, husband must notify the corporation in writing that wife shall be shown as owner of the stock

[1] All references to the judgment are to the trial court's Amended Decree of Dissolution of Marriage and Judgment, entered November 7, 1990.

[2] Husband may pay the outstanding principal and interest in full at any time without penalty.

[3] Wife is also entitled to the stock if husband dies before the judgment is satisfied.

on the corporate records and furnish wife with a copy of that writing. If wife so receives the stock, she is free to dispose of it in "any reasonable manner and apply the proceeds towards [*sic*]" her judgment.

Wife's ability to dispose of the stock, if and when she receives it, is severely limited, due to a stock purchase agreement among the current shareholders of TIC. According to the agreement, any attempt by a current shareholder to transfer stock, either voluntarily or by court order, is considered an offer to sell that stock to the corporation. If the corporation chooses to buy the stock, the purchase price will be 120 percent of the book value at the time, and the corporation is required to pay only 10 percent of that price, with 8 percent per annum interest on the outstanding balance. The balance is not due until and unless 50 percent of all of the outstanding stock changes hands. The agreement also provides:

> "The transferee of any stock shall take the same subject to this agreement; acceptance of the stock shall constitute an acceptance of this agreement in all particulars."

That provision may operate to limit the number of potential buyers outside the corporation and the price that they would be willing to pay. If, by operation of the lien, husband attempts to transfer his stock to wife, she may not be able to recover the amount due to her, because the corporation may choose to purchase the stock directly from husband under the terms of the stock purchase agreement. Even if the transfer to wife were completed, she might not be able to sell the stock to a third party for enough money to cover her judgment. Although those are significant problems with the lien as security for wife's judgment, we are unable to eliminate them.

Husband points out that the lien would give wife more money than her judgment provides because, in the event that he misses a payment, she will receive all of his stock, which she is then free to sell. There are no provisions requiring wife to return excess proceeds to husband or requiring wife to return the stock to husband if he pays her judgment in full before any sale of the stock by her.[4]

---

[4] The judgment does provide that the transfer of husband's stock to wife shall not be deemed full payment of the judgment.

■■ Because the future value of the stock is unpredictable, it is appropriate that wife's lien be against all of husband's shares. It is possible that the value of the stock will drop so much that sale of all the shares would not cover the amount outstanding on the judgment. However, it is also possible that the value of the stock will remain high enough that the sale of all the shares will generate more than wife is due under the judgment. Therefore, the judgment should be modified by adding this to the end of subparagraph (b), of paragraph 4E(6):

> "In the event of a sale of the stock by wife, she shall return to husband, or his estate, any proceeds in excess of the total unpaid principal and interest due on her judgment. If, before any sale of the stock by wife, husband pays the unpaid principal and interest due to wife, wife shall return all shares of stock to husband. In that event, wife shall notify the corporation in writing that husband shall be shown as owner of the said shares on the corporate records, and shall furnish husband with a copy of said letter."

■ Paragraph 3 of the judgment of dissolution provides that husband is to pay wife $1000 per month in spousal support until the first annual payment of interest on her judgment, after which support is reduced to $500 per month until the judgment is paid in full. The last sentence of paragraph 3 provides that, if husband misses an interest or principal payment on wife's judgment, support will increase to $1000 per month "until husband is in compliance with the stock payment plan set out in paragraph E." The judgment should be modified by deleting that sentence from paragraph 3. By that deletion, husband's failure to make any interest or principal payments will have no effect on the amount of spousal support to which wife is entitled. Her remedy lies in her lien against husband's stock.

The parties' other assignments on appeal and cross-appeal do not merit discussion.

Remanded with instructions to modify judgment not inconsistent with this opinion; otherwise affirmed on appeal and on cross-appeal. No costs to either party.